**IN THE UNITED STATES DISTRICT COURT OF**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ADAM BROCK, individually<br>And on behalf of others similarly situated<br><br>*Plaintiff*<br><br>vs.<br><br>RUFF CONSTRUCTION, LLC D/B/A<br>RUFF ROOFING.<br><br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-cv-05606 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Adam Brock, individually and on behalf of other similarly situated ("Plaintiff"), and Defendant Ruff Construction, LLC D/B/A Ruff Roofing. ("Defendant"), hereby submit their Rule 26(f) Discovery/Case Management Plan.

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   The parties held their Rule 26(f) meeting on February 10, 2026, via videoconference. Attending for Plaintiff was Christopher Berman of Shamis & Gentile, P.A. Attending for Defendant was James T. Barnish and Erin T. Hayes of Vorys, Sater, Seymour and Pease LLP.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   The parties are not aware of any related cases pending in any other state or federal court at this time.

3.     **Briefly describe what this case is about.**

This is a putative class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that Defendant is a roofing company that provides roofing services and repairs to consumers in Texas. Plaintiff alleges that Defendant, to promote its services, sent multiple unsolicited text messages to consumers, including Plaintiff, without their consent and while their telephone numbers were registered on the National Do Not Call Registry, in violation of 47 C.F.R. § 64.1200(c).

Specifically, Plaintiff alleges that he received at least two text messages from Defendant beginning in March 2025 while his telephone number (ending in 2326) was registered on the National Do Not Call Registry since February 17, 2020. The text messages originated from telephone number 346-623-5081.

Plaintiff's Complaint contains one count brought under 47 U.S.C. § 227(c)(5), wherein Plaintiff contends that a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity, in violation of the regulations prescribed in 47 U.S.C. § 227(c), may bring a private cause of action. Plaintiff seeks statutory damages up to $1,500 per violation, treble damages for willful violations, and injunctive relief requiring Defendant to cease all unsolicited text messaging activity.

Defendant disputes the propriety of a class action and further contends that it was entitled to contact Plaintiff via text message. Plaintiff had a pre-existing business relationship with Defendant whereby he consented to be contacted via text message, so Plaintiff has no claim. *See* Ex. A to Defendant's Answer. Defendant further contends that no violation of the TCPA occurred as its messages have a means by which Plaintiff or any other recipient may opt out of further

messages. Plaintiff did not opt out of messages after receiving the first message, so further messages did not violate the TCPA.

4. **Specify the allegation of federal jurisdiction.**

5. Federal jurisdiction is based on Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C §227, a federal statute. **Name the parties who disagree and the reasons.**

   No party disagrees with the basis of jurisdiction at this time.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Neither Plaintiff nor Defendant anticipates the addition of parties to this suit at this time.

7. **List anticipated interventions.**

   None known at this time.

8. **Describe class-action issues.**

   This is a putative class action. Plaintiff seeks to certify the following class:

   > **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action (November 21, 2021) through the present (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) whose telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's roofing products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to contact the Plaintiff.

   > Defendant contends that Plaintiff cannot represent such a class because of his preexisting business relationship with the Defendant. A pre-existing business relationship nullifies a party's registration with the Do Not Call Registry as it pertains to messages from that business. Defendant further contends that a class action is not the proper means to resolve this case.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet completed their Rule 26(a) initial disclosures. The parties agree that initial disclosures shall be made by March 13, 2026 (14 days after the Scheduling Conference).

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    The parties state that no changes to the timing, form, or requirements for disclosures under Rule 26(a) should be made at this time. The parties have agreed on the scope and conduct of discovery as set forth in this Joint Plan.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Plaintiff anticipates sending interrogatories to Defendant within 60 days of the Scheduling Conference. Interrogatories will address Defendant's text message marketing practices, Do Not Call compliance procedures, consent policies, vendor relationships, and the identity and scope of the putative class.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Defendant anticipates sending interrogatories to Plaintiff within 60 days of the Scheduling Conference. Interrogatories will address Plaintiff's online interactions with Defendant and Defendant's social media pages. .

    D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiff anticipates taking the deposition of Defendant's corporate representative(s) pursuant to Federal Rule of Civil Procedure 30(b)(6) on topics including text message marketing practices, Do Not Call compliance, consent

procedures, vendor agreements, and class-wide policies. Plaintiff may also depose Defendant's text message vendor(s) and individual custodians of records. Plaintiff anticipates completing these depositions within 9 months of the Scheduling Conference.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff within 6 months of the Scheduling Conference.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff's expert designations and reports: November 27, 2026 (approximately 9 months after Scheduling Conference)

Defendant's responsive expert designations and reports: January 27, 2027 (approximately 11 months after Scheduling Conference)

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking expert depositions of any experts designated by Defendant. Plaintiff anticipates completing expert depositions by February 27, 2027 (approximately 11 months after Scheduling Conference).

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

>Defendant anticipates taking expert depositions of Plaintiff's designated experts by March 1, 2027.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are agreed on the discovery plan at this time.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery has been undertaken to date.

**13.   State the date the planned discovery can reasonably be completed.**

The parties indicate that fact discovery can be reasonably completed by November 27, 2026 (approximately 12 months after the Scheduling Conference). Expert discovery can be reasonably completed by January 27, 2027 (approximately 13 months after the Scheduling Conference).

**14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed the possibility of settlement at the Rule 26(f) meeting. Both parties are amenable to engaging in good faith settlement discussions throughout the litigation process.

**15.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have agreed to continue to engage in good faith settlement discussions. The parties propose that mediation be completed within seven (7) months of the Scheduling Conference. The parties will jointly select a mediator and will notify the Court of their mediation plans.

**16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to mediation during the course of this action. Mediation may be effectively used after the completion of initial fact discovery and exchange of class certification expert reports, which would allow both parties to assess the strengths and weaknesses of their respective positions. The parties believe mediation would be most effective approximately 6-7 months after the Scheduling Conference.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to referral of this case to a Magistrate Judge for all purposes, including trial, at this time. The parties do consent to referral of discovery disputes and non-dispositive motions to the Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff made a timely jury demand in the Complaint filed on November 21, 2025.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties preliminarily estimate that a trial in this matter would take 3-5 days (approximately 24-40 hours of trial time), assuming class certification is granted and the case proceeds to trial on the merits. This estimate includes voir dire, opening statements, presentation of evidence, closing arguments, and jury deliberations.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    A. **Preservation of Evidence:**

    The parties have agreed to preserve all potentially relevant electronically stored information, including but not limited to:

    - Text message logs and call logs for the past four (4) years in the possession, custody, or control of Defendant or Defendant's text message vendors;
    - Marketing campaigns, scripts, and procedures related to text message marketing;
    - Do Not Call compliance policies and procedures;
    - Customer databases and contact lists;
    - Vendor agreements related to text message marketing;
    - Consent records, including any written agreements or online forms;
    - Internal communications regarding text message marketing practices.

    Defendant agrees to issue litigation hold notices to all relevant custodians and third-party vendors.

    B. **Electronically Stored Information (ESI):**

    The parties have agreed that electronically stored information (ESI) shall be produced in PDF and/or native format as appropriate. Text message logs and call logs shall be produced in a searchable format (Excel or CSV preferred) with the following fields: date/time, phone number called, message content, sender identification, and any response received.

    C. **Protective Order:**

    The parties have discussed the need for entry of a protective order to protect confidential business information, trade secrets, customer lists, vendor agreements, marketing strategies, and personally identifiable information of putative class members. The parties will submit a proposed protective order for the Court's approval within thirty (30) days of the Scheduling Conference.

    D. **Third-Party Discovery:**

    Plaintiff anticipates seeking discovery from Defendant's text message vendor(s). The parties will meet and confer regarding the scope and timing of any third-party discovery.

    E. **Service of Discovery:**

    The Parties consent to receive service of discovery via email, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Discovery requests, responses, and document productions may be served by email to counsel of record at the email addresses listed in this Joint Plan.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiff:**

SHAMIS & GENTILE, P.A.
Andrew J. Shamis, Esq.
Texas State Bar No. 24124558
ashamis@shamisgentile.com
Christopher Berman, Esq. (*pro hac vice*)
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705 Miami, Florida 33132
Telephone: 305-479-2299

**Counsel for Defendant:**

VORYS, SATER, SEYMOUR AND PEASE LLP
James T. Barnish

Texas State Bar No. 24073885
jbarnish@vorys.com
Erin T. Hayes
Texas State Bar No. 24137959
ethayes@vorys.com
909 Fannin Street, Suite 2700
Houston, Texas 77010
Telephone: (713) 588-7000
Facsimile: (713) 588-7050

Respectfully submitted,

By: */s/ Andrew Shamis*
Counsel for Plaintiff

By: */s/ James T. Barnish*
Counsel for Defendant

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this *"Joint Discovery and Case Management Plan"* was served on all counsel of record on this 13th day of February, 2026 as indicated below:

VORYS, SATER, SEYMOUR AND PEASE LLP
James T. Barnish
Texas State Bar No. 24073885
jbarnish@vorys.com
Erin T. Hayes
Texas State Bar No. 24137959
ethayes@vorys.com
909 Fannin Street, Suite 2700
Houston, Texas 77010

*Via electronic service*

                                                      */s/ Andrew Shamis*
                                                      Andrew Shamis, Esq.